# EXHIBIT A

Filing # 148968164 E-Filed 05/04/2022 04:03:38 PM

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.    CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>TWENTIETH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>COLLIER</u>   COUNTY, FLORIDA

<u>Steven Semancik</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>SF MARKETS LLC</u>
Defendant

**II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☒ $75,001 - $100,000
☐ over $100,000.00

**III.    TYPE OF CASE**     (If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

FILED: COLLIER COUNTY, CRYSTAL K. KINZEL, CLERK, 05/04/2022 04:03:38 PM

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☒ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☒ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.   REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.   NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   3

**VI.   IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII.   HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

**IX.   DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
☐ yes
☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Daniel Harrison Hunt          Fla. Bar # 121247
         Attorney or party                           (Bar # if attorney)

Daniel Harrison Hunt                05/04/2022
(type or print name)                    Date

Filing # 148968164 E-Filed 05/04/2022 04:03:38 PM

IN THE CIRCUIT COURT FOR THE
20TH JUDICIAL CIRCUIT IN AND FOR
COLLIER COUNTY, FLORIDA

STEVEN SEMANCIK,

    Plaintiffs,

vs.                                            Case No. _____

SF MARKETS LLC,
a Foreign Limited Liability Company

    Defendants.
_____/

## COMPLAINT

COMES NOW, Plaintiff, STEVEN SEMANCIK ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, SF MARKETS, LLC, ("Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $30,000 excluding attorneys' fees and costs pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter "FLSA") to recover unpaid minimum wage and/or overtime compensation, and an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs. This case is also a Breach of Oral Contract, Unjust Enrichment and Quantum Meruit.

2. This Court has jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. §216(b).

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Naples, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant SF MARKETS LLC is a Foreign Limited Liability Company having its main place of business in Naples, Florida, and Plaintiff worked for Defendant in Florida as a Store Manager, and at all times material hereto was and is engaged in interstate commerce. Defendant has sufficient ties to Florida as it maintains employees in Florida and paid Plaintiff in Florida.

5. Venue is proper in Collier County because all of the actions that form the basis of this Complaint occurred within Collier County and payment was due in Collier County.

6. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

7. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiff performed work for Defendants as a Store Manager in their Naples stored from February of 2022 through April 7, 2022 after relocating from Arizona at Defendant's Request.

9. Plaintiff is a 57 year old white male.

10. Plaintiff was to be paid a salary of $7,083.00 per month.

11. Plaintiff was orally promised relocation fees in exchange for moving to Naples from Arizona, bonuses and reimbursements for expenses. In reliance on Defendant's representations, Plaintiff incurred liabilities related to breaking his lease of $4,850.00 which remain unpaid by Defendant.

12. Plaintiff was entitled to reimbursements due and owing from Defendant. When Plaintiff asked about the reimbursements, Defendant cited a changed policy and that they would not reimburse Plaintiff. The exact amounts are unknown at this time but will be determined through discovery.

13. Plaintiff's supervisors include Jared Horniak and HR representative Dyan Ekis. Plaintiff complained to both of these individuals on various occasions.

14. Almost immediately after Plaintiff complained in December of 2021, Plaintiff received a write up for performance and was subsequently terminated. This write up was doctored as the write up was based on performance issues to which the employer directed and had control over in requiring Plaintiff to take action that resulted in the exact circumstances for which the Defendant wrote up Plaintiff.

15. Plaintiff was entitled to a bonus check at the time when he was terminated and written up in retaliation for his complaints of unpaid wages and reimbursements.

16. Plaintiff was selectively terminated in retaliation for complaints about unpaid wages, amongst other reasons though Defendant argues that Plaintiff was terminate due to a non-contract renewal. Plaintiff believes this is a pretext and Defendant selected Plaintiff for termination to avoid paying the overtime hours owed.

17. Throughout his employment, Plaintiff performed his work at satisfactory or above-satisfactory levels. Any reason proffered by Defendant for Plaintiff's mis-treatment is merely pretext for unlawful retaliation.

18. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement that Plaintiff would be employed by Defendants and that Plaintiff would be

19. properly paid as provided for by and not in violation of the laws of the United States and the State of Florida.

19. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has thus become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I
### Wage & Hour Federal Statutory Violation Against
### SF MARKTES, LLC

20. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 19 of this complaint as if set out in full herein.

21. This action is brought by Plaintiff to recover from Defendants unpaid wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*.

22. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

23. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

24. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

25. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies.  The Plaintiff's work for the Defendant likewise affects interstate commerce.

26. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

27. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq*. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

28. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

29. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

F. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

G. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *FLSA Retaliation against* SF MARKTES LLC

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 19 of this complaint as if set out in full herein.

31. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

32. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

33. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

34. The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

H. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff rights;

I. Award Plaintiff actual damages in the amount shown to be due for unpaid wages, with interest; and

J. Award Plaintiff an equal amount in double damages/liquidated damages; and

K. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

L. Grant Plaintiff such additional relief as the Court deems just and proper.

<u>**COUNT V**</u>
*Breach of Agreement Against*
***SF MARKTES LLC***

35. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 19 of this complaint as if set out in full herein.

36. Defendant breached its agreement with Plaintiff by failing to pay the amount due to Plaintiff for services provided and performed under their agreement, and by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

37. Plaintiff suffered damages as a result of Defendants' breach of said agreement.

WHEREFORE, Plaintiff seeks damages from Defendants for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Date:  May 4, 2022

Respectfully submitted,

*/s/ Daniel H. Hunt*
DANEIL H. HUNT, ESQ.
Florida Bar No. 121247
P.O. BOX 565096
MIAMI, FL 33256
dhuntlaw@gmail.com
Phone: 305-495-5593
Fax:    305-513-5723

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR COLLIER COUNTY, FLORIDA                                          CIVIL ACTION

Steven Semancik
    Plaintiff(s),
vs.                                                                       CASE NO: 11-2022-CA-000743-0001-XX

Sf Markets Llc
    Defendant(s).

## STANDING ORDER IN CIRCUIT CIVIL CASES IN THE TWENTIETH JUDICIAL CIRCUIT

PURSUANT to Florida Rule of Civil Procedure 1.200(a), Florida Rule of Judicial Administration 2.545, and Administrative Order 1.13 entered by the Chief Judge of this Circuit, the parties are ordered to adhere to the following information and procedures applicable to civil lawsuits:

1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this Order with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service. The Plaintiff shall pay the appropriate statutory clerk's fees on copies for each Standing Order issued and attached to the Summons.

2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has established guidelines for the prompt processing and resolution of civil cases. This Court has adopted a case management system to help meet those guidelines. In contested cases (other than residential foreclosures, involuntary commitment of sexually violent predators, Extraordinary Writs, 90 day Notice of Medical Malpractice Claim, and Administrative Appeals), the parties are required to participate in the case management system. The Court will issue a Case Management Plan after 150 days of the filing of a case in the event the parties have not submitted an Agreed Case Management Plan that has been approved by the Court. However, if it becomes necessary to amend the court-issued Case Management Plan, the parties may submit an Agreed Case Management Plan, subject to approval by the Court, or if the parties cannot agree on an Amended Plan, the parties may request a case management conference. The form of the Agreed Case Management Plan may be accessed at the Court's website at: http://www.ca.cjis20.org/web/main/civil.asp. If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory.

   Unless all of the Defendants have been served and have defaulted, an Agreed Case Management Plan will be submitted to the Civil Case Manager via email at collieragreedplan@ca.cjis20.org on or before 150 days from the date of filing the initial complaint.

3. **ALTERNATIVE DISPUTE RESOLUTION (ADR).** ADR provides parties with an out-of-court alternative to settling disagreements. The Court requires the parties to participate in ADR prior to trial. Mediation is mandatory unless the parties agree to

another form of ADR. Mediation is a conference at which an independent third party attempts to arrange a settlement between the parties. The Court, at its discretion, may order the case be referred to Non-Binding Arbitration. Non-Binding Arbitration is the process in which the court refers a case to a registered arbitrator, or panel of arbitrators, who will hear evidence and make an award which may become a final judgment if a Motion for Trial De Novo is not timely filed pursuant to Fla. R. Civ. P. 1.820(h).

4. **FAILURE TO PROSECUTE.** The Court will issue a Notice of Intent to Dismiss a case if there is no record of activity within a ten (10) month period of time.

5. **RULES OF PROFESSIONALISM.** The Twentieth Judicial Circuit has adopted Administrative Order 2.20, which sets forth standards of professional courtesy and conduct for all counsel or pro-se litigants practicing within the Circuit. The Court requires that all familiarize themselves and comply with Administrative Order 2.20. Administrative Order 2.20 may be viewed on the Court's website at: http://www.ca.cjis20.org/web/main/ao_admin.asp.

**DONE AND ORDERED** in Chambers at Naples, Collier County, Florida, on this 5th of May, 2022

_____
Lauren L Brodie, Circuit Judge

# CRYSTAL K. KINZEL

**RECEIPT**
1274651

CLERK OF THE CIRCUIT COURT AND COMPTROLLER
COLLIER COUNTY, FLORIDA

Printed On:
05/05/2022 08:54

Page 1 of 1

| Receipt Number: 1274651 - Date 05/05/2022 Time 8:53AM |||||
|---|---|---|---|---|
| **Received of:** | Daniel Harrison Hunt ||||
| **Cashier Name:** | efiling account || **Balance Owed:** | 400.00 |
| **Cashier Location:** | E-Filing || **Total Amount Paid:** | 400.00 |
| **Receipt ID:** | 2299802 || **Remaining Balance:** | 0.00 |
| **Division:** |||||

| Case# 11-2022-CA-000743-0001-XX -- Plaintiff: Semancik, Steven ||||
|---|---|---|---|
| Item | Balance | Paid | Bal Remaining |
| Fees | 400.00 | 400.00 | 0.00 |
| **Case Total** | **400.00** | **400.00** | **0.00** |

| Payments |||
|---|---|---|
| Type | Ref# | Amount |
| EFILING | 3657420 | 400.00 |
| **Total Received** || 400.00 |
| **Total Paid** || 400.00 |

IN THE CIRCUIT COURT OF THE
20TH CIRCUIT COURT IN AND FOR
COLLIER COUNTY, FLORIDA

STEVEN SEMANCIK,

      Plaintiffs,                      Case no: 11-2022-CA-000743-0001-XX

v.

SF MARKETS, LLC,
a Foreign Limited Liability Company,

      Defendants.
_____/

## SUMMONS IN A CIVIL CASE

To: **SF MARKETS, LLC** through it's Registered Agent:

      **CORPORATION SERVICE COMPANY**
      **1201 HAYS STREET**
      **TALLAHASEE, FL 32301-2525**


**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY


      DANIEL H. HUNT, ESQ.
      FLORIDA BAR NO.: 121247
      DHUNTLAW@GMAIL.COM
      P.O. BOX 565096
      MIAMI, FL 33256


an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

                            May 26 2022
_____
CLERK                                DATE

*Bianca Fernandez*
_____
(BY) DEPUTY CLERK



1

# CRYSTAL K. KINZEL

**RECEIPT**
1279775

CLERK OF THE CIRCUIT COURT AND COMPTROLLER
COLLIER COUNTY, FLORIDA

Printed On:
05/26/2022 02:57
Page 1 of 1

| Receipt Number: 1279775 - Date 05/26/2022  Time 2:57PM ||||
|---|---|---|---|
| **Received of:** | Daniel Harrison Hunt | | |
| **Cashier Name:** | efiling account | **Balance Owed:** | 10.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 10.00 |
| **Receipt ID:** | 2305378 | **Remaining Balance:** | 0.00 |
| **Division:** | | | |
| **Case# 11-2022-CA-000743-0001-XX -- Plaintiff: Semancik, Steven** ||||
| Item | Balance | Paid | Bal Remaining |
| Fees | 10.00 | 10.00 | 0.00 |
| **Case Total** | **10.00** | **10.00** | **0.00** |
| **Payments** ||||
| Type | Ref# | Amount ||
| EFILING | 3780518 | 10.00 ||
| **Total Received** | | **10.00** ||
| **Total Paid** | | **10.00** ||